**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION**

| | | |
|---|---|---|
| **ORA B. FIELDS, JR.,** ) | | |
| ) | | |
| Plaintiff, ) | Case No. 2:04CV00031 | |
| ) | | |
| v. ) | **OPINION** | |
| ) | | |
| **JO ANNE B. BARNHART** ) | By: James P. Jones | |
| **COMMISSIONER OF** ) | Chief United States District Judge | |
| **SOCIAL SECURITY**, ) | | |
| ) | | |
| Defendant. ) | | |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Introduction*

Ora B. Fields, Jr., filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2004) ("Act") and Supplemental Security Income payments ("SSI") under title XVI of the Act, 42 U.S.C.A. §§ 1381-1383(d). This court has jurisdiction pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

-1-

The scope of the court's review is limited to a determination as to whether there exists substantial evidence of record to support the Commissioner's final decision. *Id.* Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If the Commissioner's decision is supported by substantial evidence, the court's "inquiry must terminate" and the final decision of the Commissioner must be affirmed. *Id.*

Fields applied for benefits on October 10, 2001, alleging disability since September 28, 2001, and received a hearing before an administrative law judge ("ALJ") on May 12, 2003. By decision dated May 28, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act because he did not have a severe impairment. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion became the Commissioner's final decision.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Fields was thirty-eight years old at the time of the ALJ's unfavorable decision, placing him within the category of "younger individuals." He has an eighth grade

education and work experience as a truck driver and mechanic. Fields claims disability due to low back pain with bulging discs; hip, leg, and toe numbness; groin pain; poor concentration; nervousness; and drowsiness from medications. He has not engaged in substantial gainful activity since September 28, 2001, the alleged onset date of disability.

In rendering his decision, the ALJ reviewed medical records relating to Fields' treatment by Ranjy Basa, M.D.; Mountain Empire Neurological Associates; Sonya R. Gamble, M.A.; William A. Nuckols, M.D.; Jeffery Gee, M.D.; Sharon J. Hughson, Ph.D.; Cumberland Mountain Community Services; as well as State Agency physicians.

Based upon the evidence, the ALJ determined that the plaintiff suffers from back pain and anxiety. However, the ALJ found that these impairments were not severe because they did not impose significant work-related limitations.

*III. Analysis.*

The plaintiff contends that the ALJ erred by concluding that he had no severe impairment. Specifically, the plaintiff argues that the ALJ erred by making inconsistent findings–in that the ALJ determined that the plaintiff's back impairment was "severe" in a prior decision, but not "severe" in the present case. In addition, the

plaintiff argues that the ALJ erred in finding that his impairments are not severe because the ALJ failed to give proper weight to his treating physicians. For the following reasons, I disagree.

A

The plaintiff first argues that the ALJ erred by making inconsistent findings.

The plaintiff challenges the ALJ's findings based on *Lively v. Sec'y of Health & Human Servs.*, 820 F.2d 1391 (4th Cir. 1987). In *Lively*, an ALJ determined that although the Social Security claimant could not return to his past relevant work as a coal miner, he had the residual functional capacity to perform light work and was therefore not disabled under the regulations. *See id*. at 1391-92. Two weeks later, when the claimant reached the age of fifty-five, he filed a new claim. *See id.* At a subsequent hearing the ALJ found, without discussion of the prior adjudication, that the plaintiff could return to his coal mining job. *See id.* at 1392.

On review, the Fourth Circuit stated that the "fundamental and familiar principles of *res judicata* apply in Social Security cases." *Id*. As a result, the court held that the Commissioner "must shoulder the burden of demonstrating that the claimant's condition had improved significantly to indicate that the claimant was capable of performing" his past relevant work. *Id.*

In a later case, the Fourth Circuit explained that *Lively* was not predicated on the traditional doctrine of res judicata, but on "principles of finality and fundamental fairness . . . ." *See Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 477 (4th Cir. 1999). The court held that a prior determination by the Commissioner is not conclusive and the Commissioner may reach a different result if there is substantial evidence of improvement in the claimant's condition. *See id.* The court instructed that the *Lively* decision was "best understood as a practical application of the substantial evidence rule." *Id.*

Based on this precedent, I find that the ALJ's decision in the present case is supported by substantial evidence as to Fields' back impairment. In the initial determination of the plaintiff's SSI claim in 2001, the ALJ found that X rays, an MRI, and CAT scans performed by Drs. Basa, McGarry, and McConnell showed that the plaintiff had a severe back impairment. (R. at 35.) However, the ALJ also found that these records supported the assessments of the State Agency physicians, which were that the plaintiff had the residual functional capacity to perform medium work. (R. at 37.)

In the present determination, the ALJ reviewed many of the same records and reached a contrary opinion. However, the ALJ also relied on records that were not previously available, such as an X ray taken by Dr. Nuckols on February 5, 2002,

-5-

indicating that the plaintiff's lumbar spine was normal. (R. at 171.) In addition, Dr. Basa's September 11, 2002, examination revealed that the plaintiff had only mild direct tenderness on his lumbar paravertebral muscles, no neurological deficits, no sensory deficits, and no motor deficits. (R. at 243.). The ALJ is not necessarily bound by his prior determination, but he owed a duty to support his current findings with an adequate explanation. While he did not expressly find any improvement in the plaintiff's condition, the previously unavailable records provide substantial evidence for the ALJ's apparent inconsistent findings from the prior adjudication concerning the severity of the plaintiff's back condition.

*B*

The plaintiff argues that the ALJ erred in finding that his impairments are not severe, and for failing to give proper weight to his treating physicians. Having found that there is substantial evidence to support the ALJ's findings as to the plaintiff's back condition, the only remaining issue is whether there is substantial evidence to support the ALJ's findings regarding the plaintiff's mental impairment.

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed

impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2004). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2004). In the present case, Fields sought disability benefits for various impairments, including anxiety. The ALJ determined that this impairment did not impose a significant restriction upon his ability to hold gainful employment and was "not severe" within the meaning of the Act. The review of Fields' entitlement to disability benefits for this impairment was therefore terminated at the second level of inquiry.

That decision is entitled to a great deal of deference and will be upset only if it is not supported by substantial evidence. *See Laws*, 368 F.2d at 642. It is the Commissioner's duty to receive evidence and establish the facts, not the court's. My role in these proceedings is simply to assess the reasonableness of the Commissioner's conclusions and determine whether they are supported by substantial evidence. Accordingly, I will not re-weigh contested evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Should I find that the Commissioner's final judgment is supported by substantial evidence, I will affirm that

decision, even if the record could support an equally reasonable, though alternate, conclusion.

The focus of this inquiry necessarily centers on whether substantial evidence has been presented to the ALJ such that he could reasonably have determined Fields did not suffer from a severe mental impairment. According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2004). The regulations define "basic work activities" as the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2004).

Although it is a claimant's burden to provide evidence that he suffers from a severe impairment, *see Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. §§ 404.1512, .1514, 416.912, .914 (2004), in order to satisfy that burden of proof at step two of the evaluation process the evidence need only be "de minimis." *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Because the regulations do not conclusively establish the point at which an individual's

-8-

Case 2:04-cv-00031-JPJ-PMS   Document 16   Filed 05/03/05   Page 8 of 11   Pageid#: 85

impairments become severe, such a factual determination is relegated to the Commissioner or her agents.

Here, the ALJ considered and rejected the evaluation and assessment of Dr. Hagen, who opined that the plaintiff was "unemployable due to depression, anxiety, and a GAF of 45." (R. at 19.). The ALJ also considered and rejected the mental assessments completed by Dr. Basa, the plaintiff's treating physician, who indicated that the plaintiff is seriously limited by his mental problems. (*Id.*) The ALJ next rejected the opinion of Dr. Tenison, a state agency psychologist, who concluded that the plaintiff is moderately restricted and has experienced one or two episodes of decompensation. (*Id.*) The ALJ further disagreed with the consultative evaluation of Dr. Hughson, who rated the plaintiff as having a "marked" limitation in ability to respond appropriately to work pressures in a ususal work setting. (*Id.*) Finally, the ALJ rejected the assessment of Dr. Gee, another of the plaintiff's treating physicians, who concluded that the plaintiff is unable to work due to mental problems. (*Id.*)

In each of these instances, the ALJ explained that the physicians' opinions were not supported by the plaintiff's treatment records, and that the opinions were based on subjective complaints. Nevertheless, because the plaintiff's evidence at step two of the evaluation process need only be "de minimis," *Chater*, 113 F.3d 1162 at 1169, I will assume arguendo that he has met his burden of providing evidence that

-9-

he suffers from a severe mental impairment. Indeed, the ALJ rejected the findings of at least five physicians who stated that the plaintiff had a significant mental impairment. However, even assuming arguendo that, as a whole, there is not substantial evidence to support the ALJ's finding that the plaintiff does not have a severe mental impairment, it is important to note that the ALJ alternatively held that "even if the claimant's . . . mental impairments were considered severe . . . he would still be considered 'not disabled' under the framework of Rule 203.26." (R. at 20.) The ALJ based this alternative conclusion on Exhibit B6F, a RFC assessment by Dr. Surrusco concluding that the plaintiff could perform medium work; Exhibit B12F, a psychological evaluation by Dr. Hughson concluding that the plaintiff would have difficulty responding to work pressure due to his mental impairment; and the Vocational Expert's testimony that a hypothetical individual with plaintiff's background and limitations would be able to perform the positions of janitor and groundskeeper. (R. at 295.) The ALJ added that "even if the claimant were unable to perform medium exertional work, he could perform a significant range of light and sedentary exertion." (*Id*.)

Although "an overly stringent application of the severity requirement violates the Social Security Act by denying benefits to claimants who do meet the statutory definition of disabled," *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994), this is

a case in which the ALJ used the severity requirement to identify "at an early stage [a] claimant[] whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). Therefore, even assuming arguendo that the ALJ erred by not finding the plaintiff's mental impairment to be "severe," there is substantial evidence to support the ALJ's alternative finding that the plaintiff would not be disabled even if his mental impairment were severe.

## *IV. Conclusion*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: May 3, 2005

/s/ JAMES P. JONES
Chief United States District Judge

-11-